IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-HC-2150-M-RJ

CRAIG GERMAN,)
)
Petitioner,)
)
v.) ORDER
)
UNITED STATES OF AMERICA,)
)
Respondent.)

Petitioner, a former federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss [D.E. 11].

In the petition, petitioner alleges the Federal Bureau of Prisons ("FBOP") failed to give him good time credit to which he was entitled pursuant to the First Step Act. (Pet. [D.E. 1] at 5). However, on March 21, 2025, petitioner was released from FBOP custody. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate number) (last visited Mar. 28, 2025).

"A case becomes moot – and therefore no longer a Case or Controversy for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Plymail v. Mirandy, 8 F.4th 308, 314–15 (4th Cir. 2021). Petitioner's release renders the instant habeas claim moot. See Spencer v. Kemna, 523 U.S. 1, 7–8 (1998); Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (concluding a claim becomes moot where "an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff"). The court therefore lacks jurisdiction over petitioner's claim. See United States v. Kettler, 908

1

F.3d 61, 65 (4th Cir. 2018) (explaining that federal courts lack subject matter jurisdiction over moot claims).

Based on the foregoing, the petition is DISMISSED WITHOUT PREJUDICE. A certificate of appealability is DENIED. Respondent's motion to dismiss [D.E. 11] is DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of March, 2025.

RICHARD E. MYERS, II
Chief United States District Judge